IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ADIB EDDIE RAMEZ MAKDESSI,

    Petitioner,

v.                                         Civil Action No. **3:09CV214**
                                         Civil Action No. 3:18CV019

BRYAN WATSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Adib Eddie Ramez Makdessi was convicted in the Circuit Court for City of Virginia Beach and "is currently serving two life sentences for first-degree murder for the May 14, 1996 killings of Elise Makdessi, his wife, and Quincy Brown, Elise's co-worker at Naval Air Station Oceana" and an additional thirteen years for two firearm crimes. *Makdessi v. Watson*, 682 F. Supp. 2d 633, 636 (E.D. Va. 2010). By Memorandum Opinion and Order entered on February 4, 2010, this Court denied Makdessi's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See id.* at 657; (ECF Nos. 17, 18). On June 28, 2010, the Court received from Makdessi a submission entitled "Criminal Complaints & MOTION Rule 60(b)." (ECF No. 24.) Despite being labeled in part as a Federal Rule of Civil Procedure 60(b) motion, the submission appeared to be a reference copy of a document Makdessi filed with the Court sent to the "Chief Division Counsel, Richmond F.B.I." and other federal officials that lodged complaints about the criminal process. (*See id.* at 1.) By Memorandum Order entered on July 6, 2010, the Court construed this submission to be Makdessi's attempt to file a criminal complaint and informed Makdessi that it would take no further action on his submission. (ECF No. 25.)

On November 2, 2015, the Court received from Makdessi a "MOTION 60(b) Fraud Upon The Court and Fraud Upon The Habeas Court." (ECF No. 39.) Makdessi listed nine repetitive

claims essentially arguing that he is actually innocent of his crimes of conviction and that the prosecution tampered with or "covered-up" purportedly exculpatory evidence. (*See, e.g., id.* at i.) Despite labeling his motion as a Rule 60(b) Motion, Makdessi continued to attack his state convictions. By Memorandum Opinion and Order entered on June 16, 2016, the Court dismissed the Rule 60(b) Motion as a successive, unauthorized 28 U.S.C. § 2254 petition. (ECF Nos. 46, 47.)

On June 26, 2017, the Court received from Makdessi a "Motion Rule 60(d)(1) and (d)(3)," in which he purports to "invok[e] this Court's jurisdiction . . . for fraud upon the initial federal habeas court and grave miscarriage of justice." (ECF No. 57, at 1.)[1] On August 11, 2017, the Court received a second "Motion Rule 60(d)(1) and (d)(3)" from Makdessi. ("Rule 60(d) Motion," ECF No. 60.) Makdessi indicates, "[t]his 16 pages Motion is to substitute the 15 pages Motion in Docket 57, with the same Exhibits in Docket 57 apply to this Motion." (Rule 60(d) Mot. 1.) The Court will substitute the August 11, 2017 Rule 60(d) Motion for the motion submitted on June 26, 2017. The August 11, 2017 Rule 60(d) Motion will SUPPLANT the previously filed motion. Accordingly, the action now proceeds on the August 11, 2017 Rule 60(d) Motion only. The Clerk will be DIRECTED TO TERMINATE the motion submitted on June 26, 2017 (ECF No. 57).

In his Rule 60(d) Motion, Makdessi once again lists eleven "frauds" that, in essence, assert his innocence, and argues that the prosecution "deliberate[ly] cover[ed]-up . . . exculpatory evidence." (Rule 60(d) Mot. 4, 5–16.) Despite labeling the motion as one brought pursuant to Rule 60(d), Makdessi again attacks his state convictions.

---

[1] The Court corrects the capitalization in quotations from Makdessi's submissions. The Court employs the pagination assigned by the CM/ECF docketing system for citations to Makdessi's Rule 60(d) Motion.

2

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citations omitted). Here, Makdessi's Rule 60(d) Motion raises challenges to his Virginia Beach convictions, rather than any defects in his federal habeas proceedings. Makdessi argues that he is actually innocent of his state convictions and enumerates purported errors that occurred during his state trial. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005) (construing

3

a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion).[2] Accordingly, the Court must treat the Rule 60(d) Motion as a successive § 2254 petition. *Cf. United States v. Merica*, Nos. 5:04CR00015, 5:11CV80375, 2011 WL 6325881, at *1 (W.D. Va. Dec. 16, 2011) (construing action under Fed. R. Civ. P. 60(d) as a successive § 2255 motion). The Court has not received authorization from the Fourth Circuit to file the present § 2254 petition. Therefore, the action will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

Makdessi has also filed a Motion for the Appointment of Counsel. (ECF No. 58.) No constitutional right exists to have counsel appointed in post-conviction proceedings. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). The Court, however, may appoint counsel to a financially eligible person if justice so requires. *See* 18 U.S.C. § 3006A(a)(2)(B). Makdessi fails to demonstrate that the interests of justice warrant the appointment of counsel at this juncture. Accordingly, Makdessi's Motion for the Appointment of Counsel (ECF No. 58) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to

---

[2] While Makdessi adds statements such as, the "Officers of the Courts covered-up from all Courts . . . exculpatory evidence" in his federal habeas proceedings (*see, e.g.*, Rule 60(d) Mot. 6), Makdessi raises no true defect in the collateral review process. At most, he appears to argue, unsuccessfully, that false evidence presented by the prosecutors and exculpatory evidence allegedly hidden by them during his criminal proceedings rendered his federal habeas proceedings unfair. (*See, e.g., id.* at 4.)

4

proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because Makdessi fails to satisfy this standard, a certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: JAN - 5 2018
Richmond, Virginia